PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEAUNTE BULLITT, | ) |
|       Plaintiff, | ) CASE NO. 1:14cv1591 |
| v. | ) JUDGE BENITA Y. PEARSON |
| STATE OF OHIO, *et al.*, | ) |
|       Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 1] |

On July 18, 2014, *pro se* Plaintiff Deaunte Bullitt, an inmate at the Richland Correctional Institution, filed this 42 U.S.C. § 1983 action against the following defendants: the State of Ohio, Richmond Heights Detectives Vargo and Nolan, Richmond Heights Sergeants Hirko and Porter, Richmond Heights Patrolman Brian McCallister, and Cuyahoga County Assistant Prosecutor Erika Barnhill. Plaintiff alleges in the complaint that he was arrested at a friend's residence after a large quantity of drugs and money were found there by police executing an arrest warrant on the friend. ECF No. 1 at 3. Plaintiff was subsequently convicted of offenses related to his arrest and sentenced to 11 years imprisonment. He alleges that the convictions, which he is currently appealing in the state court, were the result of perjured testimony. Plaintiff asserts claims under § 1983 based on "wrongful arrest, wrongful incarceration, cruel and unusual punishment, pain and suffering, emotional stress and a number of other problems stemming from this incident." *Id.* He seeks release from prison and $10 million in damages.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

(1:14cv1591)

court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Based on the foregoing, this action is dismissed without prejudice under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| December 29, 2014 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |